IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**BERT V. E. PARKER,**

    **Plaintiff,**

**v.** // CIVIL ACTION NO. 1:10CV120
                                                (Judge Keeley)

**GEORGE TRENT,**
**DONNA KUROSKI,**
**DEE WAYNE, and**
**ASHLEY GINANNI,**

    **Defendants.**

## ORDER ADOPTING REPORT AND RECOMMENDATION

On August 2, 2010, the pro se plaintiff, Bert V. E. Parker ("Parker"), filed his complaint pursuant to 42 U.S.C. § 1983, alleging that the defendants, North Central Regional Jail ("NCRJ") Administrator George Trent ("Trent"), Director Donna Kuroski ("Kuroski"), Officer Dee Wayne ("Wayne"), Medical Administrator Ashley Ginanni ("Ginanni"), and two unknown persons, violated his First Amendment right of free exercise of religion. The Court referred the complaint to United States Magistrate Judge David J. Joel for initial screening and a report and recommendation in accordance with Local Rule of Prisoner Litigation 83.02.

On June 2, 2011, the defendants Trent, Kuroski, and Wayne[1] filed a motion for summary judgment (dkt. no. 103), and, on

---

[1] The defendant Ginanni, unlike the other named defendants, is not an employee of the Regional Jail Authority and is not represented by the same counsel. In addition, the United States Marshal Service was unable to serve the complaint on Giannani. After ample time for discovery, by an Order dated June 13, 2011, Magistrate Judge Joel denied Parker's motion for leave to further investigate the identity and whereabouts of Ginanni and the two unnamed defendants.

**PARKER v. TRENT, ET AL**                                        1:10CV120

ORDER ADOPTING REPORT AND RECOMMENDATION

December 21, 2011, Magistrate Judge Joel issued a Report and Recommendation ("R&R") that recommended the defense motion be **GRANTED** (dkt. no. 124).

First, the Magistrate Judge Joel concluded that Parker's claims for declaratory and injunctive relief were moot because he is no longer a prisoner at the NCRJ. Second, he concluded that the defendants had not intentionally violate Parker's First Amendment rights by failing to serve his breakfast and provide him his medication before dawn. Specifically, Magistrate Judge Joel found that the defendants had made reasonable attempts to accommodate Parker's requests and that they reasonably believed they were meeting the requirements of Ramadan. Third, he concluded that the defendants had not violated Parker's First Amendment rights by refusing to allow him to pray with other Muslims because the restriction was rationally related to a legitimate penological interest in security. Finally, he concluded the defendants were entitled to raise the defendant of qualified immunity.

The R&R also specifically warned that failure to object to the recommendation would result in the waiver of any appellate rights

on this issue. The parties did not file any objections.[2] Accordingly, the Court:

1. **ADOPTS** the Report and Recommendation in its entirety (dkt. no. 124);

2. **GRANTS** the defendants' motion for summary judgment (dkt. no. 103);

3. **DISMISSES** the case, as it pertains to the defendants Trent, Kuroski, and Wayne, is **WITH PREJUDICE**;

4. **DISMISSES** the case, as it pertains to the defendant Ginanni, **WITHOUT PREJUDICE**; and

5. **ORDERS** the case stricken from the Court's docket.

The Court directs the Clerk of Court to mail a copy of this Order to the pro se plaintiff, certified mail, return receipt requested.

Dated: January 10, 2012

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE

---

[2] Parker's failure to object to the Report and Recommendation waives his appellate rights in this matter and relieves the Court of any obligation to conduct a de novo review of the issue presented. See Thomas v. Arn, 474 U.S. 140, 148-153 (1985); Wells v. Shriners Hosp., 109 F.3d 198, 199-200 (4th Cir. 1997).